**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000507**
**07-FEB-2019**
**07:48 AM**

NO. CAAP-17-0000507

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ERIK ERNES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-16-0004208)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Erik Ernes appeals from the Judgment and Notice of Entry of Judgment, filed on June 8, 2017, in the District Court of the First Circuit, Honolulu Division ("District Court").[1] Ernes was convicted of Assault Against a Law Enforcement Officer in the Second Degree, in violation of Hawaii Revised Statutes section 707-712.6 (2014).[2]

On appeal, Ernes contends that: (1) he did not knowingly, intelligently, and voluntarily waive his right to a jury trial because the District Court's colloquy was

---

[1] The Honorable Paula Devens presided.

[2] **Assault against a law enforcement officer in the second degree.** (1) A person commits the offense of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.

(2) Assault of a law enforcement officer in the second degree is a misdemeanor. The court shall sentence the person who has been convicted of this offense to a definite term of imprisonment, pursuant to section 706-663, of not less than thirty days without possibility of probation or suspension of sentence.

Haw. Rev. Stat. § 707-712.6.

insufficient; (2) there was insufficient evidence to prove the requisite reckless state of mind; and (3) there was insufficient evidence to negate self-defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ernes' points of error as follows and affirm:

(1) Ernes failed to carry his burden to demonstrate that his jury trial waiver was involuntary.

The validity of a criminal defendant's waiver of the right to a jury trial is a question of constitutional law, which is reviewed under the right/wrong standard. *State v. Friedman*, 93 Hawai'i 63, 67, 996 P.2d 268, 272 (2000). "A waiver is the knowing, intelligent, and voluntary relinquishment of a known right." *Id.* at 68, 996 P.2d at 273 (citing *Reponte v. State*, 57 Haw. 354, 361, 556 Pl2d 577, 583 (1976)). "[W]hether a waiver was voluntarily and intelligently undertaken, this court will look to the totality of facts and circumstances of each particular case." *Id.* at 68-69, 996 P.2d at 273-74 (quoting *State v. Vares*, 71 Haw. 617, 621, 801 P.2d 555, 557-58 (1990)). "Where it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary." *Id.* at 69, 996 P.2d at 274 (citing *State v. Ibuos*, 75 Haw. 118, 121, 857 P.2d 576, 578 (1993)).

Ernes does not dispute that he signed a Waiver of Jury Trial form that waived his right to a jury trial. Ernes admits that the District Court thereafter inquired whether Ernes reviewed the waiver form, "whether [his] attorney reviewed the form with him," "whether [his] attorney explained the concept of a jury trial," "whether he understood [that] a jury trial is . . . an opportunity to help select twelve people from the community[,]" and whether he understood that the State was required "to prove its case beyond a reasonable doubt to all twelve jurors, and all twelve jurors must agree before [he] can be found guilty." Ernes answered in the affirmative to all of

2

those inquiries. Therefore, it appears from the record that Ernes voluntarily waived his right to a jury trial and, thus, he has the burden to demonstrate by a preponderance of the evidence that his waiver was involuntary.

Ernes claims that the District Court's colloquy was insufficient because the District Court "did not present the concept of the jury trial [in] logical segments" to "significantly reduc[e] the risk of confusing or misleading ordinary members of the public and defendants who are unfamiliar with legal vernacular." Instead, Ernes argues, "the district court merely read an abbreviated advisement without engaging [him] in any dialog after each segment was covered or pausing to ensure [that he understood] each aspect of the jury trial."

In an analogous case of the colloquy/advisement required before a defendant may waive his right to testify in his own defense, this court addressed whether it was improper to aggregate the elements of the colloquy required in *Tachibana v. State*, 79 Hawaiʻi 226, 900 P.2d 1293 (1995). *State v. Macaso*, No. CAAP-15-0000198, 2016 WL 2941071, *4-5 (Haw. Ct. App. April 13, 2016). Citing *State v. Han*, 130 Hawaiʻi 83, 90-91, 306 P.3d 128, 135-36 (2013), we held that "stopping after each right of the *Tachibana* advisement to determine whether the defendant understands that right is not a per se requirement for an adequate *Tachibana* colloquy." *Macaso*, 2016 WL 2941071, at *4. Thus, stopping and addressing Ernes after stating each component of a jury trial is not the only way to obtain a valid waiver.

Ernes failed to point to any specific facts to support his claim that the colloquy conducted in this case was insufficient. *See State v. Echineque*, No. CAAP-15-0000496, 2016 WL 6237251, at *4 (Haw. Ct. App. Oct. 25, 2016) (holding that the mere fact that "there could have been a salient fact that may have prevented [the defendant] from knowingly, intelligently, and voluntarily waiving his right to a jury trial" does not, itself, amount to a fact in the record that would suggest that his waiver was not voluntary or knowing). For these reasons, we conclude that Ernes' waiver of the right to a jury trial was made knowingly, intelligently, and voluntarily.

3

(2) and (3) "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." *State v. Batson*, 73 Haw. 236, 248, 831 P.2d 924, 931 (1992) (citing *State v. Pineda*, 70 Haw. 245, 250, 768 P.2d 239, 242 (1989)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Batson*, 73 Haw. at 248-49, 831 P.2d at 931 (citing *State v. Lima*, 64 Haw. 470, 475, 643 P.2d 536, 539 (1982)). When the evidence adduced at trial is considered in the strongest light for the prosecution, *State v. Matavale*, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting *Batson*, 73 Haw. at 248, 831 P.2d at 931), there was sufficient evidence to convict Ernes of Assault Against a Law Enforcement Officer in the Second Degree.

"A person commits the offense of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty." Haw. Rev. Stat. § 707-712.6(1). "'Law enforcement officer' means any public servant, whether employed by the State or county or by the United States, vested by law with a duty to maintain public order or, to make arrests for offenses or to enforce the criminal laws, whether that duty extends to all offenses or is limited to a specific class of offenses." Haw. Rev. Stat. § 701-118 (2014). A law enforcement officer includes a police officer. Haw. Rev. Stat. § 707-712.6 cmt. Meanwhile, "'[b]odily injury' means physical pain, illness, or any impairment of physical condition." Haw. Rev. Stat. § 707-700 (2014).

Honolulu Police Department Officer Cathlyn Beluso testified that she was a police officer performing her official duty by responding to a call to assist a transit employee in removing Ernes from a bus because it had reached its last stop. She said that she stated "Police, wake up. You need to get off the bus. This is the last stop." Ernes looked up at her several times and went back to sleep. When Officer Beluso then attempted

to physically rouse Ernes several times, he swung his fist at her, hitting her in the face. Officer Beluso stated that this caused her physical pain. Ernes acted recklessly by consciously disregarding the substantial and unjustifiable risk of causing bodily injury to a law enforcement officer when he failed to comply with a request to exit the bus and, instead, swung his fist at Officer Beluso.

As to Ernes' contention that there was insufficient evidence to negate self-defense, self-defense is a justification defense. Haw. Rev. Stat. §§ 703-301 (2014) and 703-304 (2014). In conjunction with Officer Beluso's testimony described above, the testimony from Oahu Transit Services road supervisor Vance Bernabes was sufficient to establish that Officer Beluso identified herself as a police officer, that she was wearing a police uniform, that she attempted to wake Ernes up "more than twice," that "[e]ventually, she shook him enough where he woke up," that Ernes "woke up and [] stared at [Officer Beluso] and then he stood up and tried to . . . swing at her," hitting her in the face. Although Ernes testified to the contrary as to some of the details surrounding the incident, the State's evidence was substantial and, "as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed." *State v. Eastman*, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996).

Therefore, the Judgment and Notice of Entry of Judgment filed on June 8, 2017, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, February 7, 2019.

On the briefs:

Joanne B. Badua,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5